IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RAMON VALLE, | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | 7 : 07-CV-198 (HL) |
| JAMES WILLKOMM, Ass't. to Chief of Police, and CITY OF TIFTON, | : | |
| Defendants. | : | |

### RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendants' Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. As of November 20, 2009, the plaintiff has failed to respond to either the court's directive or the defendants' motion.

*Background*

The plaintiff filed this action on December 14, 2007, raising allegations of the defendants' deliberate indifference to his serious seizure condition while he was housed at the Tift County Law Enforcement Center. In his complaint, the plaintiff states that he first reported a seizure on September 10, 2007, and was seen by a county nurse at the Tift County Law Enforcement Center approximately four (4) days later. He was moved to the day room for closer observation by law enforcement officials. Plaintiff reported a second seizure on October 26, 2007, and a third seizure on November 13, 2007, and was taken to the on-site medical clinic for treatment on each of these occasions. On November 8, 2007, the plaintiff was seen by a physician regarding the seizures, but at this and other times of treatment, plaintiff's neurological exams were normal and, other than being told to report to the

Emergency Room upon having any further seizures, no additional course of action was recommended. Plaintiff suffered a fourth seizure on December 3, 2007, and was ultimately taken to an off-site medical clinic for treatment. Physicians recommended that the plaintiff be seen by a neurologist, and an appointment was made for the plaintiff with a neurologist on the first available date, in March 2008. Plaintiff was released from confinement on February 11, 2008, and did not keep this March 2008 appointment.

In his complaint, the plaintiff alleges that the defendants acted with deliberate indifference to his serious medical condition in delaying significant treatment for his seizure condition between September and December 2007. Plaintiff alleges that the delays in treatment caused him to suffer migraine headaches and further seizures.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The defendants have supported their motion for summary judgment with the affidavit of defendant James Willkomm and the pleadings and motions on file.

### *Defendant Willkomm*

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

In his affidavit, defendant Willkomm testifies that at all times relevant to the events underlying this complaint, he served as the Administrative Assistant for the Chief of Police of the City of Tifton Police Department. Plaintiff was held at the Tift County Law Enforcement Center as a City of Tifton prisoner on charges of shoplifting and driving with a suspended license, beginning on May 14, 2007. Willkomm's affidavit testimony establishes that the plaintiff suffered seizures while held at the Center, but that he was provided with medical treatment upon each occasion of a seizure. Neurological exams in December 2007 and January 2008 yielded normal results, and medical professionals did not offer any additional treatment recommendations until the recommendation for a follow-up appointment with a neurologist in January 2008. Willkomm further testifies that he asked medical personnel to provide witness statements if the plaintiff suffered additional seizures, but that no medical treatment was denied

or delayed because of the lack of such statements.

As indicated initially herein, the plaintiff has not responded to the defendants' Motion for Summary Judgment. Defendant Willkomm's affidavit testimony is therefore unrefuted, and furthermore establishes that the defendants did not act with deliberate indifference to plaintiff's seizure condition. The unrefuted facts show that the plaintiff was provided with medical treatment each time he suffered a seizure while housed at the Tift County Law Enforcement Center and that the defendants did not ignore plaintiff's condition. Ultimately, officials set up an appointment for the plaintiff with a specialist, although the plaintiff was released from custody before this appointment date arrived. Furthermore, the plaintiff has failed to establish that any delay in treatment exacerbated his serious medical need(s). "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay." *Hill v. DeKalb RYDC*, 40 F.3d 1176, 1189 (11th Cir. 1994). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill*, 40 F.3d at 1188. The plaintiff has failed to place any evidence of harm caused by delay in medical treatment in the record, and has thus failed to establish delay as a basis for a finding of deliberate indifference on the part of the defendants.

### *Defendant City of Tifton*

In order to hold the City of Tifton liable, the plaintiff must show that a "governmental 'policy or custom' is the 'moving force' behind the constitutional violation." *Farred v. Hicks*, 915 F.2d 1530, 1532 (11th Cir. 1990). This the plaintiff has clearly failed to do, failing to rebut the defendants' showing that no custom or policy was responsible for any constitutional violation in the claims underlying this lawsuit.

### *Equal Protection claim*

In order to establish an equal protection claim, a plaintiff must demonstrate that "(1) he is similarly situated with other prisoners who received more favorable treatment, and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001) (internal citations omitted).  To the extent that the plaintiff asserts that defendant Willkomm violated his Equal Protection rights by requiring plaintiff to obtain witness statements regarding his seizures, the plaintiff has failed to establish that he was similarly situated with other prisoners who received more favorable treatment or that such actions were discriminatory.  Defendant Willkomm's affidavit testimony establishes that the witness statements were required to gain more information regarding the plaintiff's medical condition and that the absence of such statements did not delay or deprive plaintiff of needed medical care.

Inasmuch as the plaintiff has failed to overcome the defendants' summary judgment showing establishing the absence of support for his claims of constitutional violations, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson **WITHIN TEN (10) DAYS** of receipt thereof.

**SO RECOMMENDED**, this 30th day of November, 2009.

                                            **S/G. MALLON FAIRCLOTH**
                                            **UNITED STATES MAGISTRATE JUDGE**

asb